UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Jimmy Gedeon</u>

      v.                           Civil No. 22-cv-388-JL

<u>United HealthCare Services, Inc.</u>

## **SUMMARY ORDER**

Pro se plaintiff Jimmy Gedeon continues to file motions in this employment discrimination case that has been stayed for more than a year, pending resolution of arbitration proceedings.[1] Because of Gedeon's filings, United HealthCare Services, Inc. moves to preclude the parties from filing motions or to impose restrictions on filings until the arbitration proceeding concludes.[2] The court addresses the pending motions as follows.

### **I.**     **Gedeon's Motions to Seal**

Gedeon moved to seal this case in its entirety and then filed two supplemental motions to seal.[3] The court denied those motions, with certain exceptions.[4] The court found that Gedeon did not meet the stringent requirements for sealing an entire case, did

---

[1] Doc. no. 20 (order granting motion to compel arbitration and staying the case); Doc. nos. 34, 35, 41, 42, 43, 44, 45, & 46 (Gedeon's recent motions).

[2] Doc. no. 39.

[3] Doc. nos. 27, 31, & 32.

[4] Doc. no. 33.

not identify which documents in the docket of this case he sought to have sealed, and did not show a sufficient privacy or safety concern in light of the fact that the case has been public since September 2022.

Undeterred, Gedeon filed another motion to seal, titled the fourth motion to seal, again without identifying which specific documents in the record of this case he sought to seal.[5] The court issued a procedural order that identified the deficiencies in that motion and declined to grant any relief unless and until Gedeon properly identified the specific documents in questions and set August 25, 2024, as the deadline to do so.[6] Gedeon then filed an amended motion to seal and a motion for a hearing on his motions to seal.[7]

Again, Gedeon has not identified any documents in the record he seeks to seal. For that reason and for the reasons stated in the court's prior orders, Gedeon has not met the requirements for sealing documents in this case. The motions to seal and motion for a hearing on the motions to seal are denied.[8]

## II. Gedeon's Motions to Enjoin Arbitration Proceeding

Gedeon moves to enjoin the arbitration proceeding and to litigate his employment discrimination claim in this case on the grounds that he believes the arbitrator has not followed the American Arbitration Association's rules and has not conducted the

---

[5] Doc. no. 34.

[6] Doc. no. 37.

[7] Doc. nos. 41 & 43.

[8] Doc. nos. 34, 41, & 43.

proceedings fairly.[9] He also moves for a hearing.[10] United HealthCare objects to the injunction that Gedeon seeks.

The court previously ruled that the parties' arbitration agreement is valid and enforceable and, for that reason, the court compelled the parties to proceed in arbitration.[11] The court further ruled:

> Under the FAA, when a motion to compel arbitration is granted, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Therefore, it is appropriate to stay the case pending the resolution of arbitration.

*Id.* Under the court's order, Gedeon's claims will not be litigated in this forum and, instead, Gedeon must litigate his claims, if at all, in the arbitration proceeding.[12]

To the extent this court may have authority to enjoin the parties' ongoing arbitration proceeding, a matter the court does not address or resolve here, Gedeon has not provided grounds to do so. Gedeon has not established entitlement to an injunction under 9 U.S.C. § 4 or under the legal standard and proof requirements applicable to injunction. *See, e.g., Starling v. OnProcess Tech., Inc.*, No. 23-cv-10949-JEK, 2024 WL 1258501, at *8 (D. Mass. Mar. 25, 2024); *Moore v. Squibb*, No. 23-cv-10018-RGS, 2023

---

[9] Doc. nos. 35 & 45.

[10] Doc. no. 44.

[11] Doc. no. 20, at 20.

[12] Once an arbitration proceeding has concluded, a party may seek relief as provided in 9 U.S.C. §§ 9, 10, 11, 12, and 13.

3

WL 2563646, at *2 (D. Mass. Mar. 17, 2023). That is, Gedeon has not shown (1) a likelihood of success on the merits where he disagrees with the arbitrator's procedures and decisions; (2) that he will be irreparably injured absent a stay, in light of the possibility of post arbitration review; (3) that issuance of the stay will not substantially injure United HealthCare, which has participated in the arbitration proceeding for many months; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 425-426 (2009). For these reasons, the court denies Gedeon's motion to enjoin the arbitration proceeding and denies the motion for a hearing on that motion.

**III. Gedeon's Motion for Free Access to PACER**

Gedeon asks the court to grant him access to Public Access to Court Electronic Records (PACER) without paying the associated fees. PACER "provides electronic public access to federal court records." Pacer.uscourts.gov. Parties in federal court cases are given one free copy of a document when they receive a Notice of Electronic or Notice of Docket Activity. Pacer.uscourts.gov/pacer-pricing-how-fees-work. After the free copy, PACER charges $0.10 per page, not to exceed the fee for 30 pages ($3.00), for electronic access to any case document, docket sheet, or case-specific report. *Id.* PACER fees are waived for charges of less than $30.00 in a quarterly billing cycle. *Id.*

Courts have discretion to relieve a person from paying PACER charges for cause. [Options to Access Records if you Cannot Afford PACER Fees | PACER: Federal Court Records (uscourts.gov)](); *Felix v. Donnelly*, No. 12-cv-10997, 2012 WL 4936499, at *3 (D. Mss. Oct. 11, 2012). Cause is shown if "the requesting party has demonstrated that an

exemption is necessary to avoid unreasonable burdens and to promote public access to information." *Id.* Exemptions, however, are to be granted only as an exception and not commonly. *Id.* ("[T]he Judicial Conference Policy Notes following the Electronic Public Access Fee Schedule state that fee-waived access to PACER should be granted as the exception, not the rule."); *see also Katumbusi v. Gary*, No. 14-cv-1534 JAM AC PS, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014); *James v. City of Omaha*, No. 07-cv-121, 2007 WL 1725619, at *1 (D. Neb. June 13, 2007).

Gedeon has not shown good cause to exempt him from paying PACER fees for purposes of this case. Although he is proceeding pro se, that status alone does not provide good cause to waive PACER fees. Gedeon has provided no evidence to show that he is unable to afford the fees charged. Further, because this case is stayed, Gedeon has not shown and likely cannot show that filings he would need to access would accrue any PACER fees. As such, Gedeon's motion for free access to PACER is denied.

**IV. <u>United HealthCare's Motion to Preclude or Restrict Filings</u>**

In response to Gedeon's recently filed motions, United HealthCare moves to preclude or restrict future filings in this case until the arbitration proceeding is concluded. This case is stayed, and the arbitration proceeding is the sole forum in which Gedeon may pursue the claims against United HealthCare asserted in this litigation. The court will not consider any motion filed by either party, and the parties are directed not to file any motions for substantive relief, until the stay is lifted.

5

# **CONCLUSION**

For these reasons, Gedeon's motions to seal, to enjoin the arbitration proceeding, and for hearings (document nos. 34, 35, 41, 42, 43, 44, and 45) are denied. Gedeon is deemed to have used the opportunity for filing a supplement, as provided in the court's procedural order (document no. 37), and no further supplement is allowed. Gedeon's motion for free access to PACER (document no. 46) is denied. United HealthCare's motion to preclude further motions (document no 39) is granted as provided in Part IV of this order and is otherwise denied.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

July 26, 2024

cc: Jimmy Gedeon, pro se
Debra Weiss Ford, Esq.
Ashley Rae Theodore, Esq.